In the Matter of JOHN O. HUGHES, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.

Second Department, January 6, 1971.

*George E. Lechtrecker* for petitioner.

*Nicholas M. Pette* (*Joseph P. Napoli* of counsel), for respondent.

*Per Curiam.* In this proceeding to discipline an attorney for professional misconduct, the petitioner now moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report, except as to the recommendation therein as to the discipline to be imposed, and the respondent cross-moves to confirm the report insofar as it is favorable to him, to disaffirm it otherwise, and to dismiss the petition.

The petition sets forth eight separate charges of professional misconduct involving certain named clients of the respondent. One charge ("Fifth") was withdrawn by the petitioner prior to the commencement of the hearing before Mr. Justice GLICK-MAN. The report concludes that each of the remaining charges was sustained, except the one designated "Fourth" and except that the one designated "Third" was sustained only in part. It may be noted that there were 1,697 pages of testimony and the Justice's report is 64 pages in length.

Briefly stated, and without enumerating the particular charges involved, each of which is individually set forth in the comprehensive report which has been submitted to the court, the reporting Justice has found the respondent guilty of professional misconduct, *inter alia,* as follows: (1) overcharging clients in negligence cases in violation of the rules of this court; (2) filing with the Judicial Conference inaccurate statements of retainer and closing statements; (3) wrongfully indorsing a check without the consent or authorization of the substituted attorneys who were the named payees thereof; (4) improperly failing to acknowledge, and then resisting payment of, the lien of a substituted attorney, thus requiring the latter to bring a proceeding to enforce his lien and eventually to invoke a Sheriff's services to collect upon the lien; (5) failing to file a statement of retainer with the Judicial Conference for a period of approximately 21 months after being retained and incorrectly stating therein the date of his retainer; (6) changing the terms of a

retainer agreement without the consent or knowledge of his clients and indorsing his clients' names on the settlement check without their authorization; and (7) handling in a professionally incompetent manner a certain decedent's estate matter and a mortgage foreclosure action.

The charges stated in the petition, except to the extent indicated in the report, were fully sustained by the proofs and, accordingly, the report, finding the charges as so limited were established, should be confirmed except as to the recommendation therein as to the discipline to be imposed.

In determining the nature and extent of the discipline to be imposed upon the respondent, we have taken into consideration the fact that prior to the conclusion of the hearing he made restitution, in full or in part, with respect to 10 of the specific charges against him and that subsequent to the close of the hearing two additional partial payments were made in restitution. Under all of the circumstances, it is our opinion that the respondent should be suspended from the practice of law for a period of two years, commencing February 8, 1971.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Motion to confirm the report in part granted; and cross motion granted insofar as it is to confirm the report in part and denied insofar as it is to disaffirm the report in part and to dismiss the petition. The respondent is suspended from the practice of law for a period of two years, commencing February 8, 1971.